JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Wayne Derello, Jr., <br> Plaintiff, <br> vs. <br> Paul Penzone, et al., <br> Defendants. | No. CV 17-01909-PHX-DGC (JFM) <br><br> **ORDER** |

Plaintiff Douglass Wayne Derello, Jr., who is confined in the Arizona State Prison Complex-Florence South Unit, brought this pro se civil rights action under 42 U.S.C. § 1983 against Maricopa County Jail detention officers M. Brennan, Mark Despaine, and Godoy and nurse Edmay Ray. (Doc. 31.) Plaintiff alleged that Defendants retaliated against him after he filed lawsuits and denied him adequate medical care. (*Id.*)

On April 6, 2019, Plaintiff filed a Motion Averring Retaliation, which is construed as a Motion for Preliminary Injunction. (Doc. 85.) Plaintiff explains that he has a Court Order allowing him to have a typewriter. (*Id.* at 2.)[1] Plaintiff alleges that he has been placed in a housing assignment where he cannot use his typewriter. (*Id.* at 4.) Although Plaintiff was able to obtain assistance in drafting the pending Motion, providing such assistance violates ADC policy, and Plaintiff states further assistance may not be possible.

---

[1] In a prior case, the Court issued an Order directing that Plaintiff be permitted to obtain a typewriter pursuant to Arizona Department of Corrections (ADC) Order § 902.02(1.8), which permits prisoners with a qualifying disability to be provided with a typewriter if so ordered by a court. (Doc. 78, CV 17-01266-PHX-DGC).

1 | (*Id.*)  Plaintiff alleges that he is unable to communicate with the Court without use of his typewriter, and he seeks relief.  (*Id.* at 3–4.)

The relief sought by Plaintiff relates to his access to the courts, in which case the Court may entertain his request for a preliminary injunction.  *See Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (where the relief sought relates to a prisoner's access to the court, "a nexus between the preliminary relief and the ultimate relief sought is not required[,]" and the court need not consider the merits of the underlying complaint) (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990));  *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (the constitutional right of access to the courts encompasses a right to litigate without active interference), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.2 (9th Cir. 2015).  Defendants will be directed to file an expedited response to Plaintiff's Motion to the extent that it seeks injunctive relief related to use of his typewriter.

**IT IS ORDERED:**

(1) Within **7 days** from the date of this Order, Defendants must file a response to Plaintiff's Motion for Preliminary Injunction (Doc. 85).

(2) Plaintiff may file a reply within **7 days** after service of Defendants' response.

Dated this 19th day of June, 2019.

David G. Campbell
Senior United States District Judge